# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number _____ 19-L- 611 _____

Amount Claimed _____

ROBERT CUMMINGS, Individually and

as Special Administrator of the Estate of

ERMA CUMMINGS, Deceased

TVI, INC., d/b/a SAVERS THRIFT STORE

and UNIFIRST CORPORATION

VS

Plaintiff(s)

Defendant(s)

---

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

Pltf. Atty. Mathis Marifian & Richter _____ Code _____
Address 23 Public Square, Suite 300
City Belleville, IL 62220 _____ Phone 234-9800
Add. Pltf. Atty. _____ Code _____

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**
NAME UNIFIRST CORPORATION
c/o Prentice Hall Corporation
ADDRESS 801 Adlai Stevenson Drive

CITY & STATE Springfield, IL 62703

## SUMMONS COPY

To the above named defendant(s). . . . . :

☐ A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☒ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____

_____
Clerk                          9/3/2019
JANICE MENDIOLA

SEAL

BY DEPUTY: _____

**EXHIBIT**
**1**

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ ........... $_____ |
| Total ..................... $_____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

Electronically Filed
Kahalah A. Clay
Circuit Clerk
JANICE MENDIOLA
19L0611
St. Clair County
8/27/2019 2:10 PM
6347363

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| ROBERT CUMMINGS, Individually and as Special Administrator of the Estate of ERMA CUMMINGS, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 19-L-611 ) |
| TVI, INC., d/b/a SAVERS THRIFT STORE | ) ) |
| Serve: Corporate Creations Network Inc. 350 S Northwest Hwy #300 Park Ridge , IL 60068 | ) ) ) ) |
| and UNIFIRST CORPORATION, | ) ) |
| Serve: Prentice Hall Corporation 801 Adlai Stevenson Drive Springfield , IL 62703 | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, Robert Cummings, Individually and as the Special Administrator of the Estate of Erma Cummings, Deceased, by and through his attorneys, Mathis, Marifian & Richter, Ltd., and for their Complaint against the Defendants, TVI, Inc., d/b/a Savers Thrift Store, and UniFirst Corporation, states as follows:

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. At all times relevant herein, Plaintiff, Robert Cummings, was and is a citizen and resident of the City of O'Fallon, St. Clair County, Illinois.

2. At all times relevant herein, Plaintiff's Decedent, Erma Cummings, was, until the time of her death, a citizen and resident of the City of O'Fallon, St. Clair County, Illinois.

(04)784661.1)

3. At all times relevant herein, Plaintiff, Robert Cummings, was the lawful husband/spouse of Erma Cummings.

4. Plaintiff's Decedent, Erma Cummings, died on or about April 5, 2019.

5. Plaintiff, Robert Cummings, has been appointed the Special Administrator of the Estate of Erma Cummings for purposes of bringing this action on behalf of the Estate of Erma Cummings.

6. At all times relevant herein, Defendant, TVI, Inc., d/b/a Savers Thrift Store, was and is a foreign corporation which owned, operated, managed, maintained, controlled and/or did business as the Savers Thrift Store located at 10899 Lincoln Trail, Fairview Heights, St. Clair County, Illinois.

7. At all times relevant herein, Defendant, UniFirst Corporation, was and is a foreign corporation doing business in the State of Illinois, including St. Clair County, Illinois.

8. At all times relevant herein, Defendant, UniFirst Corporation, provided floor mats and/or floor mat services to the Savers Thrift Store located at 10899 Lincoln Trail, Fairview Heights, St. Clair County, Illinois.

9. Upon information and belief, Defendant, UniFirst Corporation, by and through its employees and/or agents, provided floor mat services to the Savers Thrift Store located at 10899 Lincoln Trail, Fairview Heights, St. Clair County, Illinois.

10. At all times relevant herein Defendant, UniFirst Corporation, maintained a website for use by, and accessible to, the general public containing various statements, representations, guarantees, warranties and/or promises regarding its floor mats and/or floor mat services including, but not limited to, the following:

        a)      That UniFirst floor mats have "lay-flat borders;"

b)      That UniFirst floor mats and services "prevent slip and fall accidents;"

c)      That the elderly are the "most vulnerable" to trip and fall injuries.

11.     Defendant, UniFirst Corporation, made these statements for the purpose of inducing reliance by consumers.

12.     Upon information and belief, on or before March 5, 2018, Defendant, UniFirst Corporation, by and through its employees and/or agents, placed a floor mat near the front door of the Savers Thrift Store located at 10899 Lincoln Trail, Fairview Heights, St. Clair County, Illinois.

13.     The front door where the floor mat had been placed was the sole means of ingress and egress available to customers of the Savers Thrift Store located at 10899 Lincoln Trail, Fairview Heights, St. Clair County, Illinois, including the Plaintiff's Decedent.

14.     At all times relevant herein, it was the duty of the Defendants to exercise reasonable care under the circumstances to protect the safety of Plaintiff and others legally upon the premises.

15.     On or about March 5, 2018, Plaintiff's Decedent, Erma Cummings, was lawfully upon the premises of the Savers Thrift Store located at 10899 Lincoln Trail, Fairview Heights, St. Clair County, Illinois.

16.     At all times relevant herein, the edge or border of the floor mat was rippled and/or did not otherwise lie flat on the floor.

17.     On or about March 5, 2018, as Plaintiff's Decedent was walking towards the front door of the store in order to exit the Savers Thrift Store, Plaintiff's Decedent's foot became caught on the rippled and/or raised edge or border of the floor mat, causing her to fall.

## COUNT I – NEGLIGENCE/SURVIVAL ACTION
### Erma Cummings v. TVI, Inc., d/b/a Savers Thrift Store

COMES NOW Plaintiff, Robert Cummings, as the Special Administrator of the Estate of

Erma Cummings, Deceased, and for Count I against Defendant, TVI, Inc., d/b/a Savers Thrift

Store, states as follows:

18. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 17 as if

fully set forth herein.

19. At the aforementioned time and place, Defendant, TVI, Inc., d/b/a Savers Thrift

Store, by and through one or more of its employees, agents and servants, was careless and

negligent in one or more of the following respects:

(a) Permitted a floor mat to be placed at the front door with a rippled and/or raised edge or border when the Defendant knew, or should have known, that doing so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises;

(b) Maintained a floor mat at the front door with a rippled and/or raised edge or border when the Defendant knew, or should have known, that doing so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises;

(c) Failed to warn the Plaintiff and others that the floor mat at the front door had a rippled and/or raised edge or border when the Defendant knew, or should have known, that doing so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises;

(d) Failed to properly and adequately inspect the floor mat to prevent, discover and remedy the rippled and/or raised edge or border when the Defendant knew, or should have known, that doing so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises;

(e) Failed to provide the Plaintiff and others with a safe ingress and egress from the store when the Defendant knew, or should have known, that failing to do so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises;

(f) Failed to properly undertake measures to make certain that the sole means of ingress and egress available to customers of the Savers Thrift Store, including the

{M0784661.1}

4

Plaintiff, was safe under circumstances in which the Defendant knew, or should have known, that failing to do so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises;

(g)     Failed to remove the floor mat under circumstances in which the Defendant knew, or should have known, that failing to do so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises;

(h)     Failed to contact Defendant UniFirst Corporation to request a replacement floor mat under circumstances in which the Defendant knew, or should have known, that failing to do so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises

(i)     Failed to undertake such other acts or omissions that would have prevented injury to the Plaintiff under circumstances in which the Defendant knew, or should have known, that failing to do so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises.

20.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions on the part of the Defendant, Plaintiff's Decedent, Erma Cummings, was caused to trip and fall.

21.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions on the part of the Defendant, Plaintiff's Decedent, Erma Cummings, was caused to suffer severe, painful and permanent injuries to various parts of her body including, but not limited to, a non-displaced fracture of the inferior wall of the left orbit, comminuted fractures of both nasal bones with rightward displacement, horizontally oriented fractures extending through the bilateral maxilla, and further extending through the anterior and posterior wall of the bilateral maxillary sinuses, displacement of the posterior wall of the left maxillary sinus, non-displaced fractures of the medial and lateral maxillary sinus, transversely oriented fracture extending through the nasal septum, comminuted, non-displaced fracturing of the medial and lateral pterygoid plates on the left, non-displaced fracture of the medial pterygoid on the right, non-displaced fracture of the lateral pterygoid on the right, elevated troponin levels, damage to

{M0784661.1}

5

two front teeth, extensive bruising, swelling, pain and discomfort to the face and head, a scar/laceration along the left eyebrow, a raised bump on the bridge of her nose, significant emotional pain and suffering, and other physical and emotional injuries.

22. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions on the part of the Defendant, Plaintiff's Decedent, Erma Cummings, did continue to endure significant pain, disability, loss of enjoyment of life and mental and physical suffering as a result of these injuries during the remaining days of her life, until her death on or about April 5, 2019, and incurred medical expenses for treatment of said injuries, was significantly hindered and prevented from enjoying and attending to her usual duties and affairs during the remaining days of her life and, as a result of said injuries, suffered significant diminishment of her enjoyment of the remaining days of her life.

23. Defendant is liable to Plaintiff pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff, Robert Cummings, as the Special Administrator of the Estate of Erma Cummings, deceased, against the Defendant, TVI, Inc., d/b/a Savers Thrift Store, in an amount substantially in excess of Fifty Thousand Dollars ($50,000.00), and in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Statute, plus costs herein expended.

## COUNT II - LOSS OF CONSORTIUM
### Robert Cumming v. TVI, Inc., d/b/a Savers Thrift Store

COMES NOW Plaintiff, Robert Cummings, individually, and for Count II against Defendant, TVI, Inc., d/b/a Savers Thrift Store, states as follows:

6

24.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 23 as if fully set forth herein.

25.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions on the part of the Defendant, Plaintiff, Robert Cummings, was deprived of and/or suffered the loss of, the decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support, companionship, consortium and intimate relationship during the last remaining months of her life.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff, Robert Cummings, individually, and against the Defendant, TVI, Inc., d/b/a Savers Thrift Store, in an amount substantially in excess of Fifty Thousand Dollars ($50,000.00), plus costs herein expended.

## COUNT III – NEGLIGENCE/SURVIVAL ACTION
### Erma Cummings v. UniFirst Corporation

COMES NOW Plaintiff, Robert Cummings, as the Special Administrator of the Estate of Erma Cummings, Deceased, and for Count III against Defendant, UniFirst Corporation, states as follows:

26.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 17 as if fully set forth herein.

27.     At the aforementioned time and place, Defendant, UniFirst Corporation, by and through one or more of its employees, agents and servants, was careless and negligent in one or more of the following respects:

(a)     Placed a floor mat at the front door with a rippled and/or raised edge or border when the Defendant knew, or should have known, that doing so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises;

{M0784661.1}                                   7

(b)     Maintained a floor mat at the front door with a rippled and/or raised edge or border when the Defendant knew, or should have known, that doing so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises;

(c)     Failed to warn the Plaintiff and others that the floor mat at the front door had a rippled and/or raised edge or border when the Defendant knew, or should have known, that doing so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises;

(d)     Failed to properly and adequately inspect the floor mat to prevent, discover and remedy the rippled and/or raised edge or border when the Defendant knew, or should have known, that doing so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises;

(e)     Failed to provide the Plaintiff and others with a safe ingress and egress from the store when the Defendant knew, or should have known, that failing to do so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises;

(f)     Failed to properly undertake measures to make certain that the sole means of ingress and egress available to customers of the Savers Thrift Store, including the Plaintiff, was safe under circumstances in which the Defendant knew, or should have known, that failing to do so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises;

(g)     Failed to remove and/or replace the floor mat under circumstances in which the Defendant knew, or should have known, that failing to do so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises;

(h)     Failed to warn the Savers Thrift Store that the floor mat at the front door had a rippled and/or raised edge or border under circumstances in which the Defendant knew, or should have known, that failing to do so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises

(i)     Failed to undertake such other acts or omissions that would have prevented injury to the Plaintiff under circumstances in which the Defendant knew, or should have known, that failing to do so would pose an unreasonable risk of harm to the Plaintiff and others lawfully on the premises.

28.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions on the part of the Defendant, Plaintiff's Decedent, Erma Cummings, was caused to trip and fall.

29.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions on the part of the Defendant, Plaintiff's Decedent, Erma Cummings, was caused to suffer severe, painful and permanent injuries to various parts of her body including, but not limited to, a non-displaced fracture of the inferior wall of the left orbit, comminuted fractures of both nasal bones with rightward displacement, horizontally oriented fractures extending through the bilateral maxilla, and further extending through the anterior and posterior wall of the bilateral maxillary sinuses, displacement of the posterior wall of the left maxillary sinus, non-displaced fractures of the medial and lateral maxillary sinus, transversely oriented fracture extending through the nasal septum, comminuted, non-displaced fracturing of the medial and lateral pterygoid plates on the left, non-displaced fracture of the medial pterygoid on the right, non-displaced fracture of the lateral pterygoid on the right, elevated troponin levels, damage to two front teeth, extensive bruising, swelling, pain and discomfort to the face and head, a scar/laceration along the left eyebrow, a raised bump on the bridge of her nose, significant emotional pain and suffering, and other physical and emotional injuries.

30.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions on the part of the Defendant, Plaintiff's Decedent, Erma Cummings, did continue to endure significant pain, disability, loss of enjoyment of life and mental and physical suffering as a result of these injuries during the remaining days of her life, until her death on or about April 5, 2019, and incurred medical expenses for treatment of said injuries, was significantly hindered and prevented from enjoying and attending to her usual duties and affairs during the remaining days of her life and, as a result of said injuries, suffered significant diminishment of her enjoyment of the remaining days of her life.

31.     Defendant is liable to Plaintiff pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff, Robert Cummings, as the Special Administrator of the Estate of Erma Cummings, Deceased, against the Defendant, UniFirst Corporation, in an amount substantially in excess of Fifty Thousand Dollars ($50,000.00), and in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Statute, plus costs herein expended.

## COUNT IV - LOSS OF CONSORTIUM
### Robert Cumming v. UniFirst Corporation

COMES NOW Plaintiff, Robert Cummings, individually, and for Count IV against Defendant, UniFirst Corporation, states as follows:

32.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 17 and 26 through 31 as if fully set forth herein.

33.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions on the part of the Defendant, Plaintiff, Robert Cummings, was deprived of and/or suffered the loss of, the decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support, companionship, consortium, intimate relationship during the last remaining months of her life.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff, Robert Cummings, individually, and against the Defendant, UniFirst Corporation, in an amount substantially in excess of Fifty Thousand Dollars ($50,000.00), plus costs herein expended.

## COUNT V – CONSUMER FRAUD ACT/SURVIVAL ACTION
### Erma Cummings v. UniFirst Corporation

COMES NOW Plaintiff, Robert Cummings, as the Special Administrator of the Estate of Erma Cummings, Deceased, and for Count V against Defendant, UniFirst Corporation, states as follows:

34.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 17 as if fully set forth herein.

35.     The statements, representations, guarantees, warranties and/or promises made by Defendant, UniFirst Corporation, regarding its floor mats and/or floor mat services were false in that the border of the floor mat did not "lay flat" and the floor mat and/or the Defendant's floor mat services did not "prevent slip and fall accidents," despite the fact that the Defendant, UniFirst Corporation, acknowledged that it knew that the elderly, such as Plaintiff's Decedent, Erma Cummings, were the "most vulnerable" to trip and fall injuries.

36.     Defendant, UniFirst Corporation's false statements and representations were in violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, et seq. ("ICFA").

37.     As a direct and proximate result of Defendant, UniFirst Corporation's violation of the ICFA, Plaintiff's Decedent, Erma Cummings, was caused to trip and fall.

38.     As a direct and proximate result of Defendant, UniFirst Corporation's violation of the ICFA, Plaintiff's Decedent, Erma Cummings, was caused to suffer severe, painful and permanent injuries to various parts of her body including, but not limited to, a non-displaced fracture of the inferior wall of the left orbit, comminuted fractures of both nasal bones with rightward displacement, horizontally oriented fractures extending through the bilateral maxilla, and further extending through the anterior and posterior wall of the bilateral maxillary sinuses,

{M5784661.1}

11

Case 3:19-cv-01082-JPG  Document 1-1  Filed 10/04/19  Page 14 of 24  Page ID #18

displacement of the posterior wall of the left maxillary sinus, non-displaced fractures of the medial and lateral maxillary sinus, transversely oriented fracture extending through the nasal septum, comminuted, non-displaced fracturing of the medial and lateral pterygoid plates on the left, non-displaced fracture of the medial pterygoid on the right, non-displaced fracture of the lateral pterygoid on the right, elevated troponin levels, damage to two front teeth, extensive bruising, swelling, pain and discomfort to the face and head, a scar/laceration along the left eyebrow, a raised bump on the bridge of her nose, significant emotional pain and suffering, and other physical and emotional injuries.

39.    As a direct and proximate result of Defendant, UniFirst Corporation's violation of the ICFA, Plaintiff's Decedent, Erma Cummings, did continue to endure significant pain, disability, loss of enjoyment of life and mental and physical suffering as a result of these injuries during the remaining days of her life, until her death on or about April 5, 2019, and incurred medical expenses for treatment of said injuries, was significantly hindered and prevented from enjoying and attending to her usual duties and affairs during the remaining days of her life and, as a result of said injuries, suffered significant diminishment of her enjoyment of the remaining days of her life.

40.    Defendant is liable to Plaintiff pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, Plaintiff, Robert Cummings, as the Special Administrator of the Estate of Erma Cummings, deceased, prays this Court enter Judgment against the Defendant, UniFirst Corporation, awarding Plaintiff compensatory damages, exemplary damages, punitive damages, attorney's fees, costs, and such additional damages and allowances as provided by the Illinois

{M0784661.1}

12

Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq.*, together with such further and additional relief as the Court deems just and proper.

## COUNT VI - LOSS OF CONSORTIUM
### Robert Cumming v. UniFirst Corporation

COMES NOW Plaintiff, Robert Cummings, individually, and for Count VI against Defendant, UniFirst Corporation, states as follows:

41.   Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 17 and 34 through 40 as if fully set forth herein.

42.   As a direct and proximate result of one or more of the aforementioned negligent acts or omissions on the part of the Defendant, Plaintiff, Robert Cummings, was deprived of and/or suffered the loss of, the decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support, companionship, consortium, intimate relationship during the last remaining months of her life.

WHEREFORE, Plaintiff, Robert Cummings, individually, prays this Court enter Judgment against the Defendant, UniFirst Corporation, awarding Plaintiff compensatory damages, exemplary damages, punitive damages, attorney's fees, costs, and such additional damages and allowances as provided by the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq.*, together with such further and additional relief as the Court deems just and proper.

## COUNT VII – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY/SURVIVAL ACTION
### Erma Cummings v. UniFirst Corporation

COMES NOW Plaintiff, Robert Cummings, as the Special Administrator of the Estate of Erma Cummings, Deceased, and for Count VII against Defendant, UniFirst Corporation, states as follows:

43.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 17 as if fully set forth herein.

44.     Defendant, UniFirst Corporation, is a merchant selling goods, including the floor mat and floor mat services alleged herein.

45.     Defendant, TVI, Inc., d/b/a Savers Thrift Store, purchased the floor mat and/or floor mat services from Defendant, UniFirst Corporation, for use by its customers, patrons and others entering and exiting their store, including the Plaintiff's Decedent, Erma Cummings.

46.     It was reasonably foreseeable to Defendant, UniFirst Corporation, that the Plaintiff's Decedent, Erma Cummings, would use or be affected by the floor mat and, therefore, any implied warranties extended to her pursuant to 810 ILCS 5/2-318.

47.     Defendant, UniFirst Corporation, breached its implied warranty in that the floor mat was not of merchantable quality in one or more of the following respects:

(a)     The floor mat was rippled and/or had a raised edge or border;

(b)     The border of the floor mat did not lie flat;

(c)     The Defendant failed to warn the Plaintiff and others that the floor mat at the front door had a rippled and/or raised edge or border;

(d)     The Defendant failed to properly and adequately inspect the floor mat to prevent, discover and remedy the rippled and/or raised edge or border;

(e)     The Defendant failed to remove and/or replace the floor mat;

(f)     The Defendant failed to warn the Savers Thrift Store that the floor mat at the front door had a rippled and/or raised edge or border.

48.     As a direct and proximate result of Defendant, UniFirst Corporation's breach of the implied warranty of merchantability, Plaintiff's Decedent, Erma Cummings, was caused to trip and fall.

49.     As a direct and proximate result of Defendant, UniFirst Corporation's breach of the implied warranty of merchantability, Plaintiff's Decedent, Erma Cummings, was caused to suffer severe, painful and permanent injuries to various parts of her body including, but not limited to, a non-displaced fracture of the inferior wall of the left orbit, comminuted fractures of both nasal bones with rightward displacement, horizontally oriented fractures extending through the bilateral maxilla, and further extending through the anterior and posterior wall of the bilateral maxillary sinuses, displacement of the posterior wall of the left maxillary sinus, non-displaced fractures of the medial and lateral maxillary sinus, transversely oriented fracture extending through the nasal septum, comminuted, non-displaced fracturing of the medial and lateral pterygoid plates on the left, non-displaced fracture of the medial pterygoid on the right, non-displaced fracture of the lateral pterygoid on the right, elevated troponin levels, damage to two front teeth, extensive bruising, swelling, pain and discomfort to the face and head, a scar/laceration along the left eyebrow, a raised bump on the bridge of her nose, significant emotional pain and suffering, and other physical and emotional injuries.

50.     As a direct and proximate result of Defendant, UniFirst Corporation's breach of the implied warranty of merchantability, Plaintiff's Decedent, Erma Cummings, did continue to endure significant pain, disability, loss of enjoyment of life and mental and physical suffering as a result of these injuries during the remaining days of her life, until her death on or about April 5, 2019, and incurred medical expenses for treatment of said injuries, was significantly hindered and prevented from enjoying and attending to her usual duties and affairs during the remaining days of her life and, as a result of said injuries, suffered significant diminishment of her enjoyment of the remaining days of her life.

51.    Defendant is liable to Plaintiff pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, Plaintiff, Robert Cummings, as the Special Administrator of the Estate of Erma Cummings, Deceased, prays this Court enter Judgment against the Defendant, UniFirst Corporation, awarding Plaintiff compensatory damages, together with Plaintiff's attorney's fees and costs, and such further and additional relief as the Court deems just and proper.

## COUNT VIII - LOSS OF CONSORTIUM
### Robert Cumming v. UniFirst Corporation

COMES NOW Plaintiff, Robert Cummings, individually, and for Count VIII against Defendant, UniFirst Corporation, states as follows:

52.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 17 and 43 through 51 as if fully set forth herein.

53.    As a direct and proximate result of Defendant, UniFirst Corporation's breach of the implied warranty of merchantability, Plaintiff, Robert Cummings, was deprived of and/or suffered the loss of, the decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support, companionship, consortium, intimate relationship during the last remaining months of her life.

WHEREFORE, Plaintiff, Robert Cummings, individually, prays this Court enter Judgment against the Defendant, UniFirst Corporation, awarding Plaintiff compensatory damages, together with Plaintiff's attorney's fees and costs, and such further and additional relief as the Court deems just and proper.

MATHIS, MARIFIAN & RICHTER, LTD.

By _____

Mark S. Schuver, #06197656
23 Public Square, Suite 300
Belleville, Illinois 62220
(618) 234-9800 Phone
(618) 234-9786 Fax

Attorneys for Plaintiff

Electronically Filed
Kahalah A. Clay
Circuit Clerk
JANICE MENDIOLA
19L0611
St. Clair County
8/27/2019 2:10 PM
6347363

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| ROBERT CUMMINGS, Individually and as<br>Special Administrator of the Estate of<br>ERMA CUMMINGS, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>TVI, INC., d/b/a SAVERS THRIFT STORE and<br>UNIFIRST CORPORATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 19-L- 611<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)

STATE OF ILLINOIS    )
                   ) ss.
COUNTY OF ST. CLAIR  )

        I, Mark S. Schuver, having been duly sworn under oath, depose and state as

follows:

    1.    I am an attorney with the law firm of Mathis, Marifian & Richter, Ltd., and

represent the Plaintiff in the above-captioned lawsuit.

    2.    Pursuant to Illinois Supreme Court Rule 222(b), the damages sought by the

Plaintiffs do exceed $50,000.00.

    Further this affiant sayeth not.

                                         MARK S. SCHUVER

    Subscribed and sworn to before me, a Notary Public, on this 30ᵗʰ day of

August , 2019 , 2013.

                            Denise M Fietsam
                            Notary Public

My Commission Expires:

(340784651.1)

    OFFICIAL SEAL
    DENISE M FIETSAM
    NOTARY PUBLIC - STATE OF ILLINOIS
    MY COMMISSION EXPIRES:01/07/20

Electronically Filed
Kahalah A. Clay
Circuit Clerk
JANICE MENDIOLA
19L0611
St. Clair County
8/27/2019 2:10 PM
6347363

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

ROBERT CUMMINGS, Individually and as )
Special Administrator of the Estate of )
ERMA CUMMINGS, Deceased, )
)
      Plaintiff, )
)
v. )    Case No. 19-L-611
)
TVI, INC., d/b/a SAVERS THRIFT STORE and )
UNIFIRST CORPORATION, )
)
      Defendants. )

## PETITION FOR APPOINTMENT AS SPECIAL ADMINISTRATOR

COMES NOW Petitioner, Robert Cummings, by and through his attorneys, Mathis, Marifian & Richter, Ltd., and for his Petition for Appointment as Special Administrator of the Estate of Erma Cummings, Deceased, states as follows:

1.    The Decedent, Erma Cummings, died on April 5, 2019.

2.    At the time of her death, Erma Cummings was 89 years of age.

3.    At the time of her death, Erma Cummings was survived by her husband, Robert Cummings, and her two (2) adult sons, Robert Alan Cummings and Michael Lee Cummings, and one (1) adult daughter, Jaqueline Rose Connor.

4.    A probate estate has never been opened. Therefore, no petition for letters of administration relating to same has ever been filed.

5.    The assets of the Decedent's estate are solely a cause of action for personal injuries arising out of an accident occurring on or about March 5, 2018, in Fairview Heights, St. Clair County, Illinois.

{M0785663.1}

6.      The current address of the Petitioner is 122 Pierce Blvd., O'Fallon, Illinois 62269.

7.      It is the intention of Robert Cummings to pursue an action for personal injuries on behalf of the Decedent arising out of the aforementioned accident occurring on or about March 5, 2018, in Fairview Heights, St. Clair County, Illinois.

WHEREFORE, in accordance with 740 ILCS 180/2.1, I, Robert Cummings, hereby request that this Court enter an Order appointing Robert Cummings as the Special Administrator of the Estate of Erma Cummings, Deceased, in order to prosecute a claim for personal injuries and other causes of action arising out of accident occurring on or about March 5, 2018, in Fairview Heights, St. Clair County, Illinois, pursuant to the Survival Statute.

RESPECTFULLY SUBMITTED,

Robert C. Cummings

        Subscribed and sworn to before me, a Notary Public, on this $\frac{\partial \nu^{th}}{}$ day of August                          , 2014.

My Commission Expires:                          Notary Public

OFFICIAL SEAL
DENISE M FIETSAM
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/07/20

MATHIS, MARIFIAN & RICHTER, LTD.

By _____

    Mark S. Schuyer, #06197656
    23 Public Square, Suite 300
    Belleville, Illinois 62220
    (618) 234-9800 Phone
    (618) 234-9786 Fax

    Attorneys for Plaintiff

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

FILED
ST. CLAIR COUNTY
SEP 0 4 2019

ROBERT CUMMINGS, Individually and as )
Special Administrator of the Estate of )
ERMA CUMMINGS, Deceased, )
                             )
     Plaintiff, )
                             )
v.                           )     Case No. 19-L- 6 l l
                             )
TVI, INC., d/b/a SAVERS THRIFT STORE and )
UNIFIRST CORPORATION, )
                             )
     Defendants. )

## ORDER APPOINTING SPECIAL ADMINISTRATOR

BEFORE THE COURT is the Petition for Appointment of Robert Cummings as Special

Administrator of the Estate of Erma Cummings, deceased; the Court being fully advised in the

premises, finds that the petition is well grounded.

IT IS HEREBY ORDERED that Robert C. Cummings is appointed Special Administrator

of the Estate of Erma Cummings, deceased, in order to pursue all causes of action on her behalf

arising out of an accident occurring on or about March 5, 2018, in Fairview Heights, St. Clair

County, Illinois.

SO ORDERED.

DATED: 9 - 3 - 19

_____
JUDGE
CANNEDY

(M0767140.1)