UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT CUMMINGS, Individually and as Special Administrator of the Estate of Erma Cummings, Deceased,

    Plaintiff,

    v.

TVI, INC. d/b/a Savers Thrift Store, and UNIFIRST CORPORATION,

    Defendants.

Case No. 19-cv-1082-JPG

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on defendant UniFirst Corporation's ("UniFirst") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 16). It seeks to dismiss the claim brought by plaintiff Robert Cummings, suing for himself and on behalf of the estate of Erma Cummings, who is deceased, under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") for compensatory and punitive damages. The plaintiff has responded to the motion (Doc. 24), and UniFirst has replied to that response (Doc. 27).

**I.    Background**

This case arose after the plaintiff's decedent, Erma Cummings, tripped on a floor mat in the Savers Thrift Store, which was operated by defendant TVI, Inc., on March 5, 2018. The floor mat had a rippled edge and did not lie flat on the floor, and the decedent's foot got caught on the mat. She fell and was injured. UniFirst had provided and placed the floor mat over which the decedent tripped. She died a little more than a year later, on April 5, 2019.

In August 2019, the plaintiff filed this case in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. He brings claims against TVI and UniFirst for negligence

under the Survival Act (Counts I and III, respectively). He also sues UniFirst under the ICFA, 815 ILCS 505/1 *et seq.* (Count V), and for breach of the warranty of merchantability (Count VII). Finally, he brings loss of consortium claims corresponding to each of the foregoing theories (Counts II, IV, VI, and VIII). In October 2019, UniFirst removed the case to this Court pursuant to 28 U.S.C. § 1441(a) in reliance on the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a). UniFirst now asks the Court to dismiss Counts V and VI, plaintiff's ICFA claim and the associated loss of consortium claim, along with the request for punitive damages under the ICFA.

## II.     Standard for Dismissal

UniFirst asks the Court for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## III. Facts Alleged

With specific regard to the ICFA claim, the plaintiff alleges that UniFirst maintained a website on which it touted its floor mats' "lay-flat borders." He also alleges that UniFirst stated that its mats and floor mat services would "prevent slip and fall accidents." The plaintiff further alleges that UniFirst's website acknowledged that the elderly are the most vulnerable to trip and fall injuries, implicitly admitting it was aware of that risk. The mats did not, in fact, lie flat, nor did they prevent slip and fall accidents.

## IV. Analysis

UniFirst asks the Court to dismiss the plaintiff's ICFA claim because the ICFA does not cover representations directed to commercial purchasers rather than consumers like the plaintiff and his decedent, and UniFirst's representations do not implicate consumer protection concerns. Additionally, it claims the plaintiff has not pled his ICFA claim with the particularity required by Federal Rule of Civil Procedure 9(b). Finally, UniFirst asserts that the plaintiff has not pled any facts amounting to the type of willful and wanton conduct that would justify punitive damages for an ICFA claim.

The plaintiff asserts that the ICFA covers fraudulent representations directed to commercial purchasers where individuals like his decedent are injured because of those representations. He further maintains his ICFA claim satisfies Rule 9(b) and his factual allegations are sufficient to establish reckless conduct justifying punitive damages.

The ICFA "is a regulatory and remedial statute intended to protect consumers, borrowers,

and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices" and "is to be liberally construed to effectuate its purpose." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). The quintessential ICFA cause of action is one brought by a consumer—a "person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household," 815 ILCS § 505/1(e)—who suffers some harm because someone else has committed a fraud or used unfair or deceptive practices in the conduct of their trade or business. *See* 815 ILCS § 505/2. For example, *Robinson* involved a claim by two individuals who had leased automobiles from businesses that they claimed had used unfair and/or deceptive practices in connection with the leases. *Robinson*, 775 N.E.2d at 955, 960. The elements of such a cause of action are: "(1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce." *Id.* at 960.

The statute is not limited, however, to claims by consumers who purchase goods following a seller's unfair or deceptive practices. The ICFA creates a cause of action for "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person." 815 ILCS § 505/10a(a). Illinois courts have construed this broad language to be limited to certain circumstances so as not to expand the ICFA to cover claims the Illinois General Assembly never intended to reach. *See Lake Cty. Grading Co. of Libertyville v. Advance Mech. Contractors, Inc.*, 654 N.E.2d 1109, 1116 (Ill. App. Ct. 1995) (noting the ICFA was not intended to cover routine breach of contract claims). Illinois courts have found that an ICFA private cause of action extends only to (1) consumers and (2) non-consumers who have suffered

4

damages resulting from conduct with a consumer nexus, that is, conduct that is either directed toward the market generally or otherwise implicates consumer protection concerns. *Bank One Milwaukee v. Sanchez*, 783 N.E.2d 217, 221 (Ill. App. Ct. 2003); *Athey Prod. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 436-37 (7th Cir. 1996) (citing *Lake Cty. Grading Co.*, 654 N.E.2d at 1116)); *MacNeil Auto. Prod., Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 792 (N.D. Ill. 2010).

In this case, it is clear that neither the plaintiff nor his decedent were consumers under 815 ILCS § 505/1(e) of the ICFA. They did not purchase or contract for the purchase of any merchandise relevant to the decedent's tripping and falling. Therefore, they can bring an ICFA cause of action only if the defendant's conduct had some consumer nexus and if that conduct caused an injury. Such a nexus has been found, for example, where a business, not a consumer, sued under the ICFA for a competitor business's publication of false information about the plaintiff's services that damaged its business by confusing consumers. *Downers Grove Volkswagen v. Wigglesworth Imports*, 546 N.E.2d 33, 41 (Ill. App. Ct. 1989). Similarly, a consumer nexus was found to exist where defendants harmed the reputation of the plaintiffs' businesses by collusive, sham reviews of those businesses. *Zinser v. Rose*, 614 N.E.2d 1259, 1263 (Ill. App. Ct. 1993). It has also been found where a defendant business is alleged to have forged the plaintiff's signature as a cosigner on a loan. *Bank One*, 783 N.E.2d at 222.

It is true that UniFirst made representations available to the public when it stated on its website that the mats it would provide in its mat service would lie flat. However, the plaintiff and his decedent were not part of the market to which the representations were directed. The representations were directed at businesses or other organizations in the market for mat

5

placement and cleaning services, not the consumer market generally for the purchase of mats for personal or household use.

Furthermore, UniFirst's conduct does not implicate consumer protection concerns. Generally, conduct implicates consumer protection concerns when it "would confuse or deceive consumers." *MacNeil*, 715 F. Supp. 2d at 793. But UniFirst's representations aimed at fellow businesses are unlikely to confuse or deceive consumers, who, by definition, only include those who would purchase merchandise for their use or that of a member of their household. *See* 815 ILCS § 505/1(e).

Additionally, the plaintiff has not alleged any fact suggesting he or his decedent suffered any damages *as a result of* UniFirst's website statements.[1] There is no allegation they were fraudulently induced to enter into a transaction (as was the case in *Robinson*), that they suffered injury to their business (as was the case in *Downers Grove Volkswagen* and *Zinser*), or that they suffered any consumer injury related to a transaction (as in *Bank One*) because of UniFirst's conduct. On the contrary, the plaintiff's decedent suffered a personal injury from tripping over an allegedly defective mat that TVI had contracted with UniFirst to place in its Thrift Savers Store, not a mat that the decedent had purchased for her own use or the use of her household. Neither the plaintiff nor his decedent were even remotely involved in that commercial transaction. In fact, their injuries are not at all the kind of consumer injuries from which the IFCA sought to protect consumers. To the extent the plaintiff suggests that the personal injury involved in this case was a later step in the chain of causation that began with a misrepresentation about whether UniFirst's mats would lie flat, the connection is too attenuated

---

[1] In fact, one of the statements—that the mats prevent slip and fall accidents—is simply immaterial where the accident in issue is a *trip* and fall, not a *slip* and fall.

to suggest proximate cause. This is especially true in light of the intervening conduct of TVI in allowing mats with rippled edges to remain on the floor of its Thrift Savers Store, possibly in derogation of its nondelegable duty to maintain a premises safe for its customers. There are simply no facts suggesting that the plaintiff or his decedent suffered as a result of UniFirst's trade or commerce practices in a way reached by the IFCA. There is simply no consumer nexus between UniFirst's conduct and the plaintiff's decedent's tripping injury.

## V. Conclusion

Because the plaintiff's claim for personal injury based on UniFirst's representations on its website is not covered by the ICFA, the plaintiff has no cause of action under that statute either in his individual or representative capacity. In light of this conclusion, the Court need not address UniFirst's other arguments in support of this result. Accordingly, the Court **DISMISSES** Counts V and VI **with prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   March 5, 2020**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**